1  V. James DeSimone (SBN: 119668)
   vjdesimone@gmail.com
2  Carmen D. Sabater (SBN: 303546)
   cds820@gmail.com
3  V. JAMES DESIMONE LAW
   13160 Mindanao Way Suite 280
4  Marina Del Rey, California 90292
   Telephone: (310) 693-5561
5  Email: VJD000113@bohmlaw.com

6

7  Attorneys for Plaintiffs, KAREN SUTHERLAND, mother of deceased; ERICA RAE BELATTI,
   GUARDIAN AD LITEM FOR S.A.S. JR., son of deceased; and D.J.S., daughter of the deceased.

8

9                    **UNITED STATES DISTRICT COURT**

10                   **EASTERN DISTRICT OF CALIFORNIA**

11  KAREN SUTHERLAND, as mother of decedent;        Case No.: 2:21-CV-01855-WBS-AC
    ERICA RAE BELATTI, Guardian Ad Litem for
12  S.A.S., JR., son of decedent, and as a successor in   **PLAINTIFFS' SECOND AMENDED**
    interest to the deceased; and D.J.S., daughter of    **COMPLAINT FOR DAMAGES**
13  decedent, and as a successor in interest to the
    deceased,                                              1.  Unreasonable Search and Seizure
14                                                             Excessive Force (42 U.S.C. § 1983)
                                                           2.  Interference with Parent Child Relationship
15                    Plaintiffs,                               (42 U.S.C. § 1983)
                                                           3.  Municipal Liability for Unconstitutional
16              vs.                                             Custom, Practice, or Policy
                                                               (42 U.S.C. § 1983)
17  CITY OF STOCKTON; OFFICER RONALD               4.  Wrongful Death  (Cal. Civ. Proc. Code §
    ZALUNARDO, in his individual capacity;                    377.60)
18  OFFICER JOHN AFANASIEV, in his individual;    5.  Assault and Battery
    CHIEF ERIC JONES, in his individual capacity;   6.  Negligence
19  and DOES 1-5, inclusive.                         7.  Violation of Bane Civil Rights Act
                                                               (Civil Code § 52.1)
20                    Defendants.

21                                                       **DEMAND FOR JURY TRIAL**

22

23       PLAINTIFFS KAREN SUTHERLAND, the mother of the deceased (hereinafter "KAREN

24  SUTHERLAND" or "MS. SUTHERLAND"), ERICA BELATTI, Guardian Ad Litem for S.A.S, JR.,

25  son of deceased and D.J.S., daughter of deceased (collectively "PLAINTIFFS") upon information and

26  belief, allege as follows:

27  ///

28  ///

# INTRODUCTION

1.    PLAINTIFFS KAREN SUTHERLAND, the mother of deceased, ERICA BELATTI, mother and Guardian Ad Litem for, S.A.S, JR, son of deceased, and D.J.S. (D.J.S.), daughter of deceased (collectively known as "PLAINTIFFS") bring this lawsuit to seek justice for Mr. SHAYNE ALLEN SUTHERLAND (hereinafter "Mr. SUTHERLAND") who was recklessly killed by DEFEDANTS OFFICER RONALD ZALUNARDO (hereinafter "OFFICER ZALUNARDO") and OFFICER JOHN AFANASIEV (hereinafter "OFFICER AFANASIEV") of the Stockton Police Department ("SPD") on October 8, 2020.  At the time of the killing, Mr. SUTHERLAND was unarmed, handcuffed, restrained and not threating anyone. DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV recklessly used excessive force causing Mr. SUTHERLAND's death by forcing him on the ground, applying force with a police baton and/or body weight to his neck and shoulder area while he was in a prone position. Then, without justification, improperly restraining him and continuing applying full body weight and while Mr. SUTHERLAND was in medical distress causing positional asphyxiation. Mr. SUTHERLAND begged for his life and informed the Officers they were killing him, but they continued asphyxiating him in the handcuffed, prone position against all acceptable police standards and training.  Based on information and belief, DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV used excessive force and recklessly caused the death of Mr. SUTHERLAND. DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV also failed to intervene and stop the unjustified use of excessive force.

2.    DEFENDANT CITY OF STOCKTON ("CITY") by summarily rejecting PLAINTIFFS' claim for damages, has proved unwilling to accept responsibility for the wrongs committed by its Officers.

3.    DEFENDANT POLICE CHIEF ERIC JONES ("CHIEF JONES" OR "DEFENDANT JONES") has failed to impose adequate discipline on his officers who committed killings, or who committed other types of excessive force, creating a culture of impunity within the SPD that encourages such violence and incidents of unreasonable force against the public and has failed to impose the obvious consequence that a particular training deficiency or omission would cause.

///

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**
*Karen Sutherland, et al. v. City of Stockton, et al.*                                                      V. James DeSimone, Esq.
Case No.: 2:21-CV-01855-WBS-AC                                                                    Carmen D. Sabater, Esq.

4.     This civil rights action seeks compensatory and punitive damages from DEFENDANTS for violating various rights under the United States Constitution and California State laws in connection with the fatal killing, excessive force, and improper restraining of Mr. SUTHERLAND on October 8, 2020.

5.     DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV piled on top of Mr. SUTHERLAND as he was lying face down in a prone position while DEFENDANTS OFFICER ZALUNARDO and/or OFFICER AFANASIEV applied the force of a police baton and/or body weight to Mr. SUTHERLAND while handcuffed, whereby the combination of all DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV's actions, caused Mr. SUTHERLAND's death. PLAINTIFFS are aware of the individual officers' names involved in the participation of the harm to PLAINTIFFS, however they are unaware of the individual officers' specific roles at this time. DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV and DEFENDANTS OFFICER DOES 1-5 are all employed by the Stockton Police Department. Mr. SUTHERLAND was unarmed, handcuffed, restrained and not threatening anyone.  The killing was completely unnecessary, unreasonable, and unjustified. DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV's actions leave KAREN SUTHERLAND, his mother, without a son, and S.A.S JR., his son, and D.J.S., his daughter, fatherless.  DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV are directly liable for PLAINTIFFS' injuries under federal law pursuant to 42 U.S.C. § 1983. PLAINTIFFS bring this lawsuit, seeking justice.

6.     DEFENDANTS DOES 1-5 proximately caused Mr. SUTHERLAND's and the PLAINTIFFS' injuries by integrally participating or failing to intervene in the excessive force, and by engaging in other acts/ or omissions around the time of the excessive force, restraint, and application of police baton and/or body weight on Mr. SUTHERLAND while prone and defenseless, pleading for relief, that resulted in Mr. SUTHERLAND's death, including, using unreasonable use of excessive force against him. DEFENDANTS DOES 1-5 are directly liable for PLAINTIFFS' injuries under federal law pursuant to 42 U.S.C. § 1983.

7.     DEFENDANT CITY, POLICE CHIEF ERIC JONES, DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV and DOES 1-5 also proximately caused Mr.

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

*Karen Sutherland, et al. v. City of Stockton, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-CV-01855-WBS-AC                                    Carmen D. Sabater, Esq.

SUTHERLAND's and PLAINTIFFS' injuries and are liable under state and federal law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and by ratifying the unconstitutional actions of the DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV and DOES 1-5 officers' actions and/or maintaining a policy or custom that is the "moving force" behind the unconstitutional deprivations alleged below.

8.      The policies and customs of engaging in unreasonable excessive force, unnecessary restraint, physical strikes, and the use of police baton and/or body weight to neck and/or shoulder while Mr. SUTHERLAND lay on the ground are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as PLAINTIFFS herein seek by means of this civil rights action to hold accountable those responsible for the killing of Mr. SUTHERLAND and to challenge the CITY's unconstitutional policies and practices, this civil rights action is firmly in the public interest.

## JURISDICTION

9.      Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331. This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California, and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

10.      The incidents complained of occurred in California in the City of Stockton. On October 8, 2020, at approximately 7:10 a.m., DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV of the Stockton Police Department caused the death of Decedent MR. SUTHERLAND by applying lethal force with a police baton and/or body weight on top of him while handcuffed lying flat on his stomach, using excessive force, improperly restraining him when he was surrendering and in the prone position, pleading that he could not breathe.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.      At all times herein mentioned, PLAINTIFF KAREN SUTHERLAND, the mother of deceased, is a resident of the state of California

12.      At all times herein mentioned, PLAINTIFF, S.A.S. JR., the son of the deceased, through ERICA BELATTI, his Guardian Ad Litem, is a resident of the state of California.

13.   At all times herein mentioned, PLAINTIFF D.J.S., the daughter of the deceased, through ERICA BELATTI, her Guardian Ad Litem, is a resident of the state of California.

14.   At all times herein mentioned decedent, SHAYNE ALLEN SUTHERLAND, was a resident of the City of Stockton, in the State of California.

15.   DEFENDANT CITY is and was a duly organized public entity; form unknown, existing as such under the laws of the State of California.   At all relevant times, CITY was the employer of DEFENDANT CHIEF ERIC JONES, DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV and DOES 1-5, who were either CITY officers, or managerial, supervisorial, and policymaking employees of the CITY police department are sued in their individual capacity for damages only.

16.   At all relevant times, DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV DEFENDANTS and DOES 1-5 were duly authorized employees and agents of the CITY, who were acting under color of law within the course and scope of their respective duties as CITY police officers and with the complete authority and ratification of their principal, DEFENDANT CITY.

17.   At all relevant times, DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV, and DEFENDANTS DOES 1-5 were duly appointed CITY officers and/or employees or agents of the CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

18.   In doing the acts and failing and omitting to act as hereinafter described, DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV, and DOES 1-5 were acting on the implied and actual permission and consent of CITY.

19.   DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV were, at all relevant times, the officers that fatally caused MR. SUTHERLAND's death while employed by the City of Stockton. Based on information and belief, DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV were present and improperly restrained Mr. SUTHERLAND when he was handcuffed in the prone position lying flat on his stomach, applied excessive and lethal force with a police baton and/or body weight to his neck and shoulders without justification, and failed to intervene and stop the unjustified use of excessive and deadly force.

///

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**
*Karen Sutherland, et al. v. City of Stockton, et al.*                                        V. James DeSimone, Esq.
Case No.: 2:21-CV-01855-WBS-AC                                        Carmen D. Sabater, Esq.

20.     DOES 1-5 were each duly appointed, qualified and acting ranking officers, officials and employees of the Stockton Police Department and DEFENDANT CITY, also charged by law with the supervision, management, control, operation, and administration of the Stockton Police Department and CITY. Each said DEFENDANT was acting within the course and scope of their said employment and under the color of state law, and as the employee, agent and representative of each other DEFENDANT.

21.     PLAINTIFFS are informed and believe and thereon allege that each of the DEFENDANTS designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged.  The true names and capacities of DOES 1-5, inclusive, and each of them, are not now known to PLAINTIFFS who therefore sue said DEFENDANTS by such fictitious names, and PLAINTIFFS will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

22.     At all times mentioned herein, each and every DEFENDANT was the agent of each and every other DEFENDANT and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every DEFENDANT.

23.     On April 6, 2021, PLAINTIFFS timely filed a timely claim for damages with CITY pursuant to applicable sections of the California Government Code.

24.      On July 1, 2021, PLAINTIFFS received a letter from the CITY stating that the claim for damages was rejected by operation of law on May 24, 2021.

## FACTS COMMON TO ALL CAUSES OF ACTION

25.      On October 8, 2020, at around 7:10 a.m., DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV arrived in the vicinity of an AM/PM store within the 10700 block of Trinity Parkway, Stockton, CA 95219 in the City of Stockton, CA responding to a 911 call initially made by Mr. SUTHERLAND and followed up by a call to the AM/PM store. The officers were equipped with body cams which captured their unnecessary use of excessive force and callous conduct.  However, only one of those body cams has been released to the public.

///

///

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**
*Karen Sutherland, et al. v. City of Stockton, et al.*                                                                  V. James DeSimone, Esq.
Case No.: 2:21-CV-01855-WBS-AC                                                                                    Carmen D. Sabater, Esq.

26.     Mr. SUTHERLAND initially called 911 while at the AM/PM store in an attempt to have a taxicab pick him up. He indicated that he was not an employee of the store, and the call was disconnected. The 911 operator then called the AM/PM store and an employee answered and said there was no emergency, that Mr. SUTHERLAND had been trying to order a taxi and was inside the store merely distracting the customers and standing near or around the register.

27.     Upon their arrival, Mr. SUTHERLAND was inside the store and an officer approached him and commanded him to go outside and keep his hands where the officers could see them. Mr. SUTHERLAND complied and calmly walked out of the store. Once outside of the store, an officer commanded Mr. SUTHERLAND to place his hands above his head and to spread his legs wide. Mr. SUTHERLAND continued to comply peacefully to the commands. An officer grabbed Mr. SUTHERLAND's hands behind his back and searched his person. Mr. SUTHERLAND continued to peacefully comply and posed no threat to the officers.

28.     An officer asked Mr. SUTHERLAND what the problem was and why they were called on him. Mr. SUTHERLAND stated he did not know. The officer then instructed Mr. SUTHERLAND to sit on the concrete outside the store, and Mr. SUTHERLAND peacefully complied with the command. As the officer asked questions, Mr. SUTHERLAND continued to speak with the officer in a nonthreatening and obedient manner and tone.

29.     After an officer asked Mr. SUTHERLAND which Motel 6 he stayed at, Mr. SUTHERLAND stood up and took a few steps. Without giving Mr. SUTHERLAND any commands, an officer violently and abruptly tackled him to the ground. As an officer applied the full force of his body weight, the other officer aggressively handcuffed Mr. SUTHERLAND who cried out in pain and said he was sorry and called for help and pleaded with the officers not to hurt him. Instead, an officer lied on top of Mr. SUTHERLAND as officers aggressively handcuffed Mr. SUTHERLAND. While in handcuffs, an officer forced his arm and/or baton into Mr. SUTHERLAND's neck, shoulder and back, applying his body weight on Mr. SUTHERLAND while he was handcuffed, subdued, and in the prone position. The other officer also applied force and called in the incident. While on the ground face down, Mr. SUTHERLAND screamed in pain that he was unable to breathe, pleaded with the officers not to kill him, and for help that never arrived. The officers simply told Mr. SUTHERLAND to relax as they continued

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

to apply deadly force to Mr. SUTHERLAND relentlessly for approximately **three (3) minutes that resulted in his loss of life**. Mr. Sutherland gasped that he was "already dead" as the Officers continued to apply unnecessary and excessive force.

30.     Although Mr. SUTHERLAND, showed no resistance and was totally compliant while in handcuffs lying on his stomach, the officers continued to apply lethal force and refused to provide aid or relief despite his pleas.

31.     Despite Mr. SUTHERLAND being in handcuffs flat on his stomach face down to the ground in the prone position and pleading for help, DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV continued shoving Mr. SUTHERLAND into the ground while one of the officers had his full body weight on Mr. SUTHERLAND'S back. The officers kept Mr. SUTHERLAND faced down while handcuffed and under force and in a position known to cause death by restraint asphyxiation.

32.     Even after Mr. SUTHERLAND was handcuffed, the body cam footage shows Mr. SUTHERLAND in the prone position face down, struggling to breathe for nearly three more minutes with officers continuing to unnecessarily apply pressure to his back, neck and shoulders. Further, during this period Mr. SUTHERLAND's body continued to tense and he showed obvious signs of struggling to breathe and respiratory distress.

33.     Even after Mr. SUTHERLAND laid motionless and rendered incapacitated DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV delayed and thereby failed to adequately provide any type of first aid that could help Mr. SUTHERLAND.

34.     DEFENDANT CITY is well aware of the dangers involved in applying a police baton and/or body weight to a person handcuffed and lying face down in the prone position, however, the CITY continues to allow its OFFICERS to utilize this reckless tactic. Moreover, as noted in a Police Mag article, authored by Lawrence E. Heiskell[1], dated September 9, 2019, "Multiple cases of death by positional asphyxia have been associated with the hog tied or prone restraint position. The risk of positional

---

[1] Lawrence Heiskell, MD, FACEP, FAAFP is an emergency physician and a veteran reserve police officer with the Palm Springs (CA) Police Department. He is the founder and medical director of the International School of Tactical Medicine.
https://www.policemag.com/524139/how-to-prevent-positional-asphyxia

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**
*Karen Sutherland, et al. v. City of Stockton, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-CV-01855-WBS-AC                                        Carmen D. Sabater, Esq.

asphyxia is further compounded when a suspect with predisposing medical conditions becomes involved in a violent struggle with an officer. This is especially true when the physical restraint includes the use of behind-the-back handcuffing combined with placing the individual in a stomach down position. Many law enforcement and health personnel are now taught to avoid restraining people face-down or to do so only for a very short period of time."

35.    Based on information and belief prior to using excessive force, DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV gave no verbal command or warning prior to applying the force of a police baton and/or body weight on Mr. SUTHERLAND.   Despite Mr. SUTHERLAND complying with DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV's commands to walk calmly out of the store, raise his hands above his head, and sit down to answer questions on the pavement outside an active store, prior to the excessive use of force with a police baton and/or body weight to Mr. SUTHERLAND while handcuffed face down on the ground, DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV did not issue any further warnings to Mr. SUTHERLAND that they would prevent him from the ability to breathe as he pleaded to be allowed to live, that he was sorry, and the he could not breath. Nor did they give him any commands other than to relax while suffering extreme pain and loss of breath as required by Police Officer Standard Training (POST), California law and Constitutional limits on the use of force.

36.    DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV took no steps to intervene and/or prevent the killing of Mr. SUTHERLAND.

37.    Upon information and belief, while being under the force of a police baton and/or body weight while improperly restrained and handcuffed and face down on the ground, Mr. SUTHERLAND was in distress, and in obvious and critical need of emergency medical care and treatment. DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV did not timely summon medical care or permit medical personnel to treat Mr. SUTHERLAND but instead continued to deprive his body and lungs of badly need oxygen. The delay of medical care to Mr. SUTHERLAND caused him extreme physical and emotional pain and suffering, and was, on information and belief, a contributing cause of Mr. SUTHERLAND's death.

///

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**
*Karen Sutherland, et al. v. City of Stockton, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-CV-01855-WBS-AC                                  Carmen D. Sabater, Esq.

38.     Furthermore, renowned pathologist Dr. Bennet I. Omalu, in an independent autopsy, ruled Mr. SUTHERLAND's death a homicide. According to Dr. Omalu, he notes the numerous contusions on Mr. SUTHERLAND's head, cheek, lip, chin, jaw, shoulder, elbow, thigh and back. His opinion is that the 29-year-old Shayne Allen Sutherland, died as a result of Restraint Asphyxiation.

39.     Upon information and belief, there is a sufficient causal connection between Chief Jones' wrongful conduct and the constitutional violation as he knew his subordinates were engaging in excessive force and failed to prevent them and was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights.

## FIRST CAUSE OF ACTION

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

### (On Behalf of Plaintiffs S.A.S, JR. and D.J.S.)

### (Against OFFICER ZALUNARDO, OFFICER AFANASIEV, CHIEF JONES in their Individual Capacities)

40.     PLAINTIFF(S) repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

41.     Plaintiffs brings this cause claim as the successor-in-interest to Decedent.

42.     DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV's unjustified and improper restraining and use of force, including, but not limited to, applying force with a police baton and/or body weight to Mr. SUTHERLAND's neck and shoulder, was both excessive and unreasonable under the circumstances.  DEFENDANTS' unjustified killing of Mr. SUTHERLAND deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Mr. SUTHERLAND under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. S.A.S, JR. as a son of decedent, and D.J.S. as a daughter of decedent, have the right and standing to assert Mr. SUTHERLAND's claim for his violation of his Fourth and Fourteenth Amendment rights.

43.     DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV's use of force was both excessive and unreasonable, especially because Mr. SUTHERLAND had surrendered, was restrained in handcuffs and lying on his stomach face down on the ground and posed no immediate threat

of death or serious bodily injury to the officers or others at the time of their application of lethal force with a police baton and/or body weight.

44.     DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV's unlawful use of excessive force caused Mr. SUTHERLAND to suffer extreme pain and suffering, loss of enjoyment of life, earning capacity, his relationship with his family and friends, and his untimely death when he was fatally asphyxiated and improperly restrained by DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV who were acting under the color of law and as employees of the SPD. DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV, inclusive, integrally participated in or failed to intervene in the fatal application of force with a police baton and/or body weight on Mr. SUTHERLAND while he lied flat on his stomach and handcuffed.

45.     DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV's improper restraining, use of police baton and body weight on Mr. SUTHERLAND causing him to plead for the ability to breathe while face down in the ground and use of force violated their training, Post requirements and California and Federal law.

46.     CHIEF JONES knew that his subordinates where engaging in wrongful conduct and failed to act to prevent it and was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights." Under this standard, the supervisor must have "disregarded the known or obvious consequences that a particular omission in their training program would cause . . . employees to violate citizens' constitutional rights. *Maxwell v. County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013); *Preschooler II v. Clark Cnty. Sch. Bd. of Trs*., 479 F.3d 1175, 1182 (9th Cir. 2007); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014).

47.     As a direct and legal result of the aforesaid acts and omissions of DEFENDANTS, and each of them, Mr. SUTHERLAND was deprived of his liberty and life without warrant or justification.

48.     As a result of their conduct, DEFENDANTS are liable for Mr. SUTHERLAND's injuries either because they were integral participants in the excessive use of force, or because they failed to intervene to prevent those violations.

///

///

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**
*Karen Sutherland, et al. v. City of Stockton, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-CV-01855-WBS-AC                    Carmen D. Sabater, Esq.

49.     As a direct and legal result of the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINTIFFS suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness,  medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the continued loss of Mr. SUTHERLAND's love, affection, society, support, guidance, and companionship for the remainder of their lives.

50.     Plaintiffs seek loss of life damages, survivor damages, and pre-death pain and suffering damages for violation of Decedent's rights. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014)(holding that California's prohibition against pre-death pain and suffering damages limits recovery too severely to be consistent with § 1983's deterrence policy and approving of the reasoning that "[I]f Section 1983 did not allow recovery for loss of life notwithstanding inhospitable state law, deterrence would be further subverted since it would be more advantageous to the unlawful actor to kill rather than injure."); *Guyton v. Phillips*, 532 F. Supp. 1154, 1167 (N.D. Cal. 1981), *disapproved of on other grounds by Peraza v. Delamater,* 722 F.2d 1455 (9th Cir. 1984) ("A remedy must obtain by reason of the actual deprivation-in this case the greatest of deprivations, loss of life. Absent such a remedy, the 1983 action amounts to little more than a tort claim.")

51.     PLAINTIFFS are informed and believe and thereon allege that the acts of the individual DEFENDANTS were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress PLAINTIFFS with a conscious disregard of PLAINTIFFS' health and safety and constitutional rights and by reason thereof, PLAINTIFFS seek punitive and exemplary damages from all DEFENDANTS, and each of them, (except DEFENDANT CITY) in an amount as proved.

52.     Plaintiffs brings this claim as the son of Sutherland and successor in interest and seeks attorneys' fees under this claim.

///

///

///

///

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

*Karen Sutherland, et al. v. City of Stockton, et al.*                                  V. James DeSimone, Esq.
Case No.: 2:21-CV-01855-WBS-AC                                      Carmen D. Sabater, Esq.

**SECOND CAUSE OF ACTION**

**Interference with Parent-Child Relationship (42 U.S.C. § 1983)**

**(On Behalf of All Plaintiffs)**

**(Against OFFICER ZALUNDO and OFFICER AFANASIEV, CHIEF JONES in their Individual Capacities)**

53.     PLAINTIFF(S) repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

54.     Plaintiff Karen Sutherland brings this cause of action in her individual capacity.

55.     Plaintiffs S.A.S, JR. and D.J.S bring this claim in their individual capacity and as successors in interest.

56.     DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV acted under color of state law within the course and scope of their duties as SPD officers when they wrongfully killed Mr. SUTHERLAND who posed no imminent threat of danger to DEFENDANTS or anyone else.  Mr. SUTHERLAND posed no threat when SPD Officers unjustifiably used excessive force when they improperly restrained him and applied the force of a police baton and/or body weight thereby causing his death.

57.     PLAINTIFFS have a cognizable interest under the Substantive Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution to be free from state actions that deprive them of life, liberty or property in such a manner as to shock the conscience or act with deliberate indifference, including but not limited to, snuffing the life out of SHAYNE ALLEN SUTHERLAND when he was prone, handcuffed and subdued causing an unwarranted state interference in their relationship with Mr. SUTHERLAND.

58.     By wrongfully killing Mr. SUTHERLAND by lethal application of force with a police baton and/or body weight on an individual handcuffed and lying flat on his stomach face down to the ground when he was unarmed and surrendering, DEFENDANTS deprived PLAINTIFF KAREN SUTHERLAND of her Fourteenth Amendment right to a familial relationship with Mr. SUTHERLAND. DEFENDANTS acted with deliberate indifference to the rights of decedent and PLAINTIFF KAREN SUTHERLAND's and/or their unlawful conduct shocks the conscience.

59.     As a result of the excessive force by DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV and acting under color of state law, DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV improperly restrained and applied force while he lied face down on his stomach in handcuffs, including, but not limited to, a police baton and/or body weight to Mr. SUTHERLAND's neck and shoulders while he pleading to breathe, thereby depriving him of his life without due process of law. DEFENDANTS' actions also caused Mr. SUTHERLAND extreme pain and suffering, loss of life, earning capacity and his relationship with his family, and friends. PLAINTIFFS have thereby been deprived of their constitutional right of a familial relationship with Mr. SUTHERLAND for the rest of their lives.

60.     DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV's actions, shocked the conscience, and because they had time to deliberate and sit Mr. Sutherland up, while handcuffed, DEFENDANTS acted with deliberate indifference to PLAINTIFFS' constitutional rights, and with the purpose to harm unrelated to any legitimate law enforcement objective.

61.     CHIEF JONES knew that his subordinates where engaging in wrongful conduct and failed to act to prevent it and was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights." Under this standard, the supervisor must have "disregarded the known or obvious consequences that a particular omission in their training program would cause . . . employees to violate citizens' constitutional rights. *Maxwell v. County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013); *Preschooler II v. Clark Cnty. Sch. Bd. of Trs*., 479 F.3d 1175, 1182 (9th Cir. 2007); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014).

62.     As a legal result of their conduct, DEFENDANTS are liable for Mr. SUTHERLAND's injuries, either because they were integral participants in the deprivation of life without due process, or they failed to intervene to prevent those violations.

63.     As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFFS suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. SUTHERLAND's love, affection, society, support, and companionship.

64.     Defendants' interference with the parent-child relationship caused Plaintiff's extreme pain and suffering. Defendants' actions deprived Plaintiff Karen Sutherland of the love, companionship, support, society, care, and sustenance of her son, and she will continue to be so deprived for the remainder of her life. Defendants' actions deprived Plaintiff ACH of the love, companionship, support, society, care, and sustenance of his mother, and he will continue to be so deprived for the remainder of her life.

65.     As a direct and legal result of Defendants' acts and omissions, Plaintiffs Karen Sutherland, S.A.S, JR. and D.J.S suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, the loss of Sutherland's love, affection, society, support, and companionship.

66.     Plaintiffs S.A.S. JR. and D.J.S. seek loss of life damages, survivor damages, and pre-death pain and suffering damages for violation of Decedent's rights. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014)(holding that California's prohibition against pre-death pain and suffering damages limits recovery too severely to be consistent with § 1983's deterrence policy and approving of the reasoning that "[I]f Section 1983 did not allow recovery for loss of life notwithstanding inhospitable state law, deterrence would be further subverted since it would be more advantageous to the unlawful actor to kill rather than injure."); *Guyton v. Phillips*, 532 F. Supp. 1154, 1167 (N.D. Cal. 1981), *disapproved of on other grounds by Peraza v. Delameter,* 722 F.2d 1455 (9th Cir. 1984) ("A remedy must obtain by reason of the actual deprivation-in this case the greatest of deprivations, loss of life. Absent such a remedy, the s 1983 action amounts to little more than a tort claim.")

67.     PLAINTIFFS are informed and believe and thereon allege that the acts of the individual DEFENDANTS were willful, wanton, malicious, intentional, oppressive and done with willful and conscious disregard of PLAINTIFFS' rights, welfare and safety of those of Mr. SUTHERLAND, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

68.     Plaintiff seeks attorneys' fees for this action.

///

///

///

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**
*Karen Sutherland, et al. v. City of Stockton, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:21-CV-01855-WBS-AC                                                            Carmen D. Sabater, Esq.

**THIRD CAUSE OF ACTION**

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(Against the CITY OF STOCKTON)**

69.     PLAINTIFF(S) repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

70.     Plaintiff Karen Sutherland brings this cause of action in her individual capacity.

71.     Plaintiffs S.A.S, JR. and D.J.S bring this claim in their individual capacity and as successors in interest.

72.     The underlying acts which deprived Plaintiffs of their particular rights under the United States Constitution, as alleged in paragraphs 38-64 above are incorporated herein by reference.

73.     Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and by ratifying the unconstitutional actions of the  DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV  and DOES 1-5 officers' actions and/or maintaining a policy or custom that is the "moving force" behind the unconstitutional deprivations alleged below, on and for some time prior to October 8, 2020 (and continuing to the present date), DEFENDANTS CITY, CHIEF JONES, DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV, and DOES 1-5, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFFS and Mr. SUTHERLAND, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a.     Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of excessive force;

b.     Employing and retaining as police officers and other personnel, including DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV, whom DEFENDANTS CHIEF JONES, CITY and DOES 1-5 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written SPD policies, including the use of excessive force;

c.     Of inadequately supervising, training, controlling, assigning, and disciplining CITY

police officers and other personnel, including DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV, whom DEFENDANTS CHIEF JONES, CITY and DOES 1-5 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

d.      By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by CITY of Stockton Police Officers, including DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV, who are police officers and/or agents of CITY;

e.      By failing to meaningfully investigate and adequately discipline DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV and/or other SPD officers, including but not limited to, lethal application of force with a police baton and/or body weight, improper restraining, and excessive force;

f.      By ratifying the intentional misconduct of DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV, and other officers and/ or agents, who are officers and/or agents of CITY;

g.      By having and maintaining an unconstitutional policy, custom, and practice of improper restraining, use police batons and body weight to a restrained individual on his stomach on the ground, and using excessive force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of DEFENDANTS CHIEF JONES, CITY and DOES 1-5 were maintained with a deliberate indifference to individuals' safety and rights;

h.      By failing to properly investigate claims of unlawful and lethal application of force with a police baton and/or body weight while handcuffed and lying flat on one's stomach facing the ground, and excessive force by CITY officers; and other SPD officers; and

i.      Condonation and encouragement of officers in the belief that they can violate the rights of persons such as Mr. SUTHERLAND with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

74.     By reason of the aforementioned policies and practices of DEFENDANTS, CITY, DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV and DOES 1-5, Mr.

SUTHERLAND was severely injured and subjected to pain and suffering and lost his life.

75.     DEFENDANTS CHIEF JONES, CITY and DOES 1-5, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies.  Said DEFENDANTS also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Mr. SUTHERLAND, PLAINTIFFS, and other individuals similarly situated.

76.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DEFENDANTS CHIEF JONES, CITY, and DOES 1-5 acted with intentional, reckless, and callous disregard for the life of Mr. SUTHERLAND and for Mr. SUTHERLAND's and PLAINTIFFS' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by DEFENDANTS CHIEF JONES, CITY and DOES 1-5 were affirmatively linked to and were a significantly influential force behind the injuries of Mr. SUTHERLAND and PLAINTIFFS.

77.     The actions of each of DEFENDANTS DOES 1-5 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANTS DOES 1-5 and any other individual as allowed by law.

78.     By reason of the aforementioned acts and omissions of DEFENDANTS CHIEF JONES, CITY and DOES 1-5, PLAINTIFFS have suffered loss of love, companionship, affection, comfort, care, society, and they will continue to be so deprived for the remainder of their lives.

79.     Defendants' interference with the parent-child relationship caused Plaintiff's extreme pain and suffering. Defendants' actions deprived Plaintiff Karen Sutherland of the love, companionship, support, society, care, and sustenance of her son, and she will continue to be so deprived for the remainder of her life. Defendants' actions deprived Plaintiffs S.A.S. Jr and D.J.S. of the love, companionship, support, society, care, and sustenance of his mother, and he will continue to be so deprived for the remainder of her life.

80.     As a direct and legal result of Defendants' acts and omissions, Plaintiffs Karen Sutherland, S.A.S, JR. and D.J.S suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, the loss of Sutherland's love, affection, society, support, and companionship.

81.     Plaintiffs S.A.S. JR. and D.J.S. seek loss of life damages, survivor damages, and pre-death pain and suffering damages for violation of Decedent's rights. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014)(holding that California's prohibition against pre-death pain and suffering damages limits recovery too severely to be consistent with § 1983's deterrence policy and approving of the reasoning that "[I]f Section 1983 did not allow recovery for loss of life notwithstanding inhospitable state law, deterrence would be further subverted since it would be more advantageous to the unlawful actor to kill rather than injure."); *Guyton v. Phillips*, 532 F. Supp. 1154, 1167 (N.D. Cal. 1981), *disapproved of on other grounds by Peraza v. Delameter,* 722 F.2d 1455 (9th Cir. 1984) ("A remedy must obtain by reason of the actual deprivation-in this case the greatest of deprivations, loss of life. Absent such a remedy, the s 1983 action amounts to little more than a tort claim.")

82.     Accordingly, DEFENDANTS CHIEF JONES, CITY and DOES 1-5 each are liable to PLAINTIFFS for compensatory damages under 42 U.S.C. § 1983.

83.     PLAINTIFFS also seek attorney fees under this claim.

## FOURTH CAUSE OF ACTION

### Wrongful Death (Cal. Civ. Proc. Code § 377.60)

### (On Behalf of Plaintiffs S.A.S, JR. and D.J.S. )

### (Against CITY OF STOCKTON and OFFICER ZALUNARDO and OFFICER AFANASIEV and Does 1-5)

84.     PLAINTIFF(S) repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

85.      DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV, killed Mr. SUTHERLAND despite the absence of an imminent threat of death or physical injury to themselves or others.  Mr. SUTHERLAND was unarmed and posed no threat to the officer's safety or to the safety of others. Mr. SUTHERLAND died intestate and unmarried. PLAINTIFFS S.A.S, JR. and D.J.S. as Mr.

SUTHERLAND's son and daughter respectively, through their Guardian Ad Litem, are the proper persons to sue for his wrongful death under California state law.

86.     PLAINTIFFS S.A.S, JR. and D.J.S. assert wrongful death actions against all DEFENDANTS pursuant to C.C.P. §§ 377.60 *et seq.*  Per California Probate Code Section 6402 (b), PLAINTIFFS are, "… The issue of the decedent…" This claim is based upon the fact that DEFENDANTS' negligent, reckless and wrongful acts and omissions, as alleged herein, were a direct and legal cause of Mr. SUTHERLAND's death and the resulting damages to PLAINTIFFS S.A.S, JR. and D.J.S..  As a result of their conduct, DEFENDANTS are liable for PLAINTIFFS S.A.S, JR. and D.J.S.'s injuries, either because they were integral participants in the wrongful conduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

87.     The civil rights violations alleged herein, as well as DEFENDANTS' other tortious acts and omissions, and negligence under California Civil Code Section 1714 form the basis for this cause of action.

88.     PLAINTIFFS S.A.S, JR. and D.J.S. are informed and believe and thereon allege that the acts of the individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of PLAINTIFFS' rights, welfare and safety and those of their father, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

89.     As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFFS suffered damages, including, without limitation, loss of earnings and earning capacity, support and benefits, loss of enjoyment of life, pain and suffering, physical injuries and sickness, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. SUTHERLAND's support, love, affection, society, guidance, services, and companionship.

90.     PLAINTIFFS S.A.S, JR. and D.J.S. seek wrongful death damages and all other damages and remedies available under state law.

///

///

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**
*Karen Sutherland, et al. v. City of Stockton, et al.*                          V. James DeSimone, Esq.
Case No.: 2:21-CV-01855-WBS-AC                                              Carmen D. Sabater, Esq.

## FIFTH CAUSE OF ACTION

**Assault and Battery**

**(On Behalf of Plaintiffs S.A.S, JR. and D.J.S.)**

**(Against the CITY OF STOCKTON, OFFICER ZALUNARDO, OFFICER AFANASIEV and Does 1-5)**

91.     PLAINTIFF(S) repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

92.     Plaintiffs S.A.S, JR. and D.J.S bring this claim in their individual capacity and as successors in interest.

93.     DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV, while working as police officers for the SPD COUNTY, and acting within the course and scope of their duties, intentionally used unreasonable force against Mr. SUTHERLAND, including but not limited to, improperly restraining and applying a police baton and/or body weight on him when he posed no threat to the officers or anyone else while face down on the ground pleading to breathe.  Upon information and belief, Mr. SUTHERLAND was struggling for breath under the Officers' excessive force for approximately three (3) minutes. DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV, had no legal justification for using excessive force against Mr. SUTHERLAND as this use of force was unnecessary and unreasonable.

94.     DEFENDANTS' assault and battery caused Mr. SUTHERLAND extreme pain and suffering, and loss of life and earning capacity.  DEFENDANTS' actions also deprived PLAINTIFFS of the life-long love, companionship, support, society, care and they will continue to be so deprived for the remainder of their lives.

95.     As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFFS suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. SUTHERLAND's love, affection, society, support and companionship.

///

96.     PLAINTIFFS are informed and believe and thereon allege that the acts of the individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Mr. SUTHERLAND, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

97.     As a result of their conduct, DEFENDANTS are liable for Mr. SUTHERLAND's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

98.     PLAINTIFFS bring this claim as successors-in-interest to Mr. SUTHERLAND and seeks both survival and wrongful death damages under state law.

## SIXTH CAUSE OF ACTION

### Negligence

### (On Behalf of Plaintiffs S.A.S, JR. and D.J.S.)

### (Against the CITY OF STOCKTON, OFFICER ZALUNARDO  OFFICER AFANASIEV and Does 1 -5)

99.     PLAINTIFF(S) repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

100.    Plaintiffs S.A.S, JR. and D.J.S bring this claim in their individual capacity and as successors in interest.

101.    DEFENDANTS owed a duty of care toward Mr. SUTHERLAND and were required to use reasonable diligence to ensure that Mr. SUTHERLAND was not harmed by DEFENDANTS' acts or omissions.  DEFENDANTS' actions and omissions were negligent and reckless, including but not limited to:

a.      the failure to properly assess and/or supervise the need to improperly restrain, apply a police baton and/or body weight to the neck and shoulder, and use of excessive force against Mr. SUTHERLAND;

///

///

///

b.      the negligent tactics and handling of the situation with Mr. SUTHERLAND, including pre-application of body weight and/or police baton negligence;

c.      the negligent use of police baton and/or body weight, improper restraining, and use of excessive force against Mr. SUTHERLAND;

d.      the failure to employ proper restraining techniques and to exercise due care.

e.      the failure to properly train, supervise and discipline employees, including the individual DEFENDANTS;

f.      the failure to provide timely medical assistance to Mr. SUTHERLAND; and

g.      the negligent hiring, retention and assignment of its employees, including the individual DEFENDANTS.

h.      the tactical conduct and decisions before using force on Mr. SUTHERLAND

102.    DEFENDANTS' conduct caused Mr. SUTHERLAND, without limitation, extreme pain and suffering, and loss of life, enjoyment of life and earning capacity.  DEFENDANTS' actions also deprived PLAINTIFFS of the life-long love, companionship, support, society, care, and sustenance of their father and they will continue to be so deprived for the remainder of his life.

103.    In addition, at the aforementioned date, time and place, the DEFENDANTS negligently, carelessly and without reasonable care, touched and fatally battered Mr. SUTHERLAND.

104.    As a result of their conduct, DEFENDANTS are liable for Mr. SUTHERLAND's injuries because they were integral participants in the negligence, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

105.    DEFENDANT CITY is vicariously liable under Government Code section 815.2 for the acts of its employees SPD's DEFENDANTS OFFICER ZALUNARDO and OFFICER AFANASIEV, committed in the course and scope of their employment with the CITY.

106.    PLAINTIFFS bring this claim as successors-in-interest to Mr. SUTHERLAND and seeks both survival and wrongful death damages under state law.

///

///

///

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

*Karen Sutherland, et al. v. City of Stockton, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:21-CV-01855-WBS-AC                                              Carmen D. Sabater, Esq.

**SEVENTH CAUSE OF ACTION**

**Violation of Bane Act (Cal. Civil Code § 52.1)**

**(On Behalf of Plaintiffs S.A.S, JR.  and D.J.S.)**

**(Against the CITY OF STOCKTON, OFFICER ZALUNARDO, OFFICER AFANASIEV and Does 1 -5)**

107.    PLAINTIFF(S) repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

108.    Plaintiffs S.A.S, JR. and D.J.S bring this claim in their capacity as successors in interest.

109.    As alleged herein, DEFENDANTS interfered by threats, intimidation,  coercion, or violence with Mr. SUTHERLAND's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity, including their rights under Civil Code Section 43, Penal Code Sections 149, 240 and 242, and his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

110.    DEFENDANTS' conduct caused Mr. SUTHERLAND extreme pain and suffering, and loss of life, earning capacity and his relationship with his parents, friends and family.  DEFENDANTS' actions also deprived PLAINTIFFS of their life-long love, companionship, support, society, care, and they will continue to be so deprived for the remainder of their lives.

111.    As a result of their conduct, DEFENDANTS are liable for Mr. SUTHERLAND's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

112.    As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFFS suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. SUTHERLAND's support, love, affection, society, guidance, services, and companionship.

///

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**
*Karen Sutherland, et al. v. City of Stockton, et al.*                          V. James DeSimone, Esq.
Case No.: 2:21-CV-01855-WBS-AC                                              Carmen D. Sabater, Esq.

113.    PLAINTIFFS are informed and believe and thereon allege that the acts of the individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of PLAINTIFFS, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

114.    PLAINTIFFS bring this claim as successors-in-interest to Mr. SUTHERLAND and seeks both survival damages under state law. PLAINTIFFS also seeks reasonable attorneys' fees under this claim.

///

///

///

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

*Karen Sutherland, et al. v. City of Stockton, et al.*                                V. James DeSimone, Esq.
Case No.: 2:21-CV-01855-WBS-AC                                              Carmen D. Sabater, Esq.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS and each of them, as follows:

AS TO EACH OF THE ACTIONS AS APPLICABLE:

1.  For General Damages according to proof;

2.  For Special Damages according to proof;

3.  For punitive Damages as provided by law, in an amount to be proved against each individual DEFENDANT (not including CITY)

4.  For Attorneys' Fees and costs of suit;

5.  For such other and further relief as the Court may deem proper.

6.  For such other and further relief as the Court may deem just, proper, and appropriate.

Dated: April 15, 2022                         **V. JAMES DESIMONE LAW**

By: ___/s/: *V. James DeSimone*_____
      V. James DeSimone, Esq.
      Carmen D. Sabater, Esq.

      Attorneys for PLAINTIFFS

## <u>DEMAND FOR JURY TRIAL</u>

PLAINTIFFS hereby demand a trial by jury.


Dated: April 15, 2022                              **V. JAMES DESIMONE LAW**


                                        By:   /s/: *V. James DeSimone*
                                              V. James DeSimone, Esq.
                                              Carmen D. Sabater, Esq.

                                              Attorneys for PLAINTIFFS

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**
*Karen Sutherland, et al. v. City of Stockton, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-CV-01855-WBS-AC                                          Carmen D. Sabater, Esq.