DANA A. SUNTAG (State Bar #125127)
JOSHUA J. STEVENS (State Bar #238105)
HERUM\CRABTREE\SUNTAG
*A California Professional Corporation*
5757 Pacific Avenue, Suite 222
Stockton, California 95207
Telephone: (209) 472-7700
dsuntag@herumcrabtree.com
jstevens@herumcrabtree.com

Attorneys for All Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN SUTHERLAND, as mother of decedent; ERICA BELATTI, Guardian Ad Litem for S.S., son of decedent, and as successor in interest to the deceased; and D.S., daughter of decedent, and as successor in interest to the deceased,<br><br>Plaintiffs,<br>vs.<br><br>CITY OF STOCKTON; OFFICER RONALD ZALUNARDO, in his individual and official capacity; OFFICER JOHN AFANASIEV, in his individual and official capacity; CHIEF ERIC JONES, in his individual, and official capacity.<br><br>Defendants. | Case No.: 2:21-cv-01855-WBS-AC<br><br>**DEFENDANTS CITY OF STOCKTON, RONALD ZALUNARDO, JOHN AFANASIEV, AND ERIC JONES' ANSWER TO SECOND AMENDED COMPLAINT** |

Defendants City of Stockton, Ronald Zalunardo, John Afanasiev, and former City of Stockton Chief of Police Eric Jones ("Defendants"), for themselves only, in answer to Plaintiffs' unverified Second Amended Complaint ("SAC"), admit, deny, and allege as follows:

1. Defendants admit paragraphs 15 and 17.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 6, 11, 12, 13, 14, 18, 20, 21, 24, and 38, and, on that ground, deny each allegation in those paragraphs.

3. Defendants deny each allegation in paragraphs 2, 3, 7, 8, 22, 28-33, 35-37, and 39.

4. In response to paragraph 1, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' respective relationships to the Decedent. Defendants deny each remaining allegation.

5. In response to paragraph 4, Defendants admit that Plaintiffs are seeking the forms of damages listed. Defendants deny each remaining allegation.

6. In response to paragraph 5, Defendants admit that Officers Zalunardo and Afanasiev are employed by the Stockton Police Department. Defendants deny each remaining allegation.

7. In response to paragraph 9, Defendants admit this Court has subject matter jurisdiction. Defendants deny each remaining allegation.

8. In response to paragraph 10, Defendants admit that the location and date and approximate time of the incident are correct. Defendants deny each remaining allegation.

9. In response to paragraph 16, Defendants admit that Officers Zalunardo and Afanasiev were employees and agents of the City. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and, on that ground, deny each remaining allegation.

10. In response to paragraph 19, Defendants admit that Officers Zalunardo and Afanasiev were involved in the incident. Defendants deny each remaining allegation.

11. In response to paragraph 23, Defendants admit that Plaintiffs timely presented a Government Tort claim. Defendants deny each remaining allegation.

12. In response to paragraph 25, Defendants admit the date, approximate time, location of the incident, that Officers Zalunardo and Afanasiev were the officers who responded, that the 911 calls were made, and that the Officers were equipped with body cameras. Defendants deny each remaining allegation.

13. In response to paragraph 26, Defendants admit that the Decedent called 911 trying to get a taxicab, that he was not an employee of the store, and the call was disconnected. Defendants deny each remaining allegation.

14. In response to paragraph 27, Defendants admit each allegation except for the allegations that the Decedent posed no threat to the Officers and complied with their commands. Defendants deny these allegations.

15. In response to paragraph 34, Defendants admit they are aware of the dangers involved in applying a police baton and/or body weight to a person handcuffed and lying face down in the prone position. Defendants deny each remaining allegation.

**<u>First Claim for Relief</u>**

**(42 U.S.C. § 1983 – Alleged Unreasonable Search and Seizure and Excessive Force)**

16. In response to paragraph 40, Defendants incorporate their responses to each prior paragraph by reference.

17. In response to paragraphs 41 and 52, Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations in these paragraphs, and, on that ground, deny them.

18. Defendants deny each allegation in paragraphs 42 through 49.

19. In response to paragraphs 50 and 51, Defendants admit that Plaintiffs are seeking the forms of damages listed, but deny each remaining allegation in these paragraphs or that Plaintiffs are entitled to damages.

**Second Claim for Relief**

**(42 U.S.C. § 1983 – Alleged Interference with Parent-Child Relationship)**

20. In response to paragraph 53, Defendants incorporate their responses to each prior paragraph by reference.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 54 and 55, and, on that ground, deny them.

22. Defendants deny each allegation in paragraphs 56 through 65 and 67.

23. In response to paragraphs 66 and 68, Defendants admit that Plaintiffs are seeking the forms of damages and fees listed, but deny each remaining allegation in these paragraphs or that Plaintiffs are entitled to damages or fees.

**Third Claim for Relief**

**(42 U.S.C. § 1983 – Alleged Municipal Liability for Unconstitutional Custom or Policy)**

24. In response to paragraphs 69 and 72, Defendants incorporate their responses to each prior paragraph by reference.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 70 and 71, and, on that ground, deny them.

26. Defendants deny each allegation in paragraphs 73 through 80.

27. In response to paragraphs 81 through 83, Defendants admit that Plaintiffs are seeking the forms of damages and fees listed, but deny each remaining allegation in these paragraphs or that Plaintiffs are entitled to damages or fees.

**Fourth Claim for Relief**

**(Alleged Wrongful Death – Cal. Code Civ. Proc. § 377.60)**

28. In response to paragraph 84, Defendants incorporate their responses to each prior paragraph by reference.

29. Defendants deny each allegation in paragraphs 85 and 87 through 89.

30. In response to paragraphs 86 and 90, Defendants admit that Plaintiffs are seeking the forms of damages listed, but deny each remaining allegation in these paragraphs or that Plaintiffs are entitled to damages.

**Fifth Claim for Relief**

**(Alleged Assault and Battery)**

31. In response to paragraph 91, Defendants incorporate their responses to each prior paragraph by reference.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 92 and 98, and, on that ground, deny them.

33. Defendants deny each allegation in paragraphs 93, 94, 96, and 97.

34. In response to paragraph 95, Defendants admit that Plaintiffs are seeking the forms of damages listed, but deny each remaining allegation in this paragraph or that Plaintiffs are entitled to damages.

**Sixth Claim for Relief**

**(Alleged Negligence)**

35. In response to paragraph 99, Defendants incorporate their responses to each prior paragraph by reference.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 100 and 106, and, on that ground, deny them.

37. Defendants deny each allegation in paragraphs 101 through 105.

**Seventh Claim for Relief**

**(Alleged Violation of Bane Act - Cal. Civ. Code § 52.1)**

38. In response to paragraph 107, Defendants incorporate their responses to each prior paragraph by reference.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 108 and 114, and, on that ground, deny them.

40. Defendants deny each allegation in paragraphs 109 through 113.

FIRST AFFIRMATIVE DEFENSE

Each claim for relief fails to state a claim on which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs' federal claims are barred, in whole or in part, to the extent Plaintiffs seek to impose liability based on *respondeat superior*.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by absolute immunity.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by qualified immunity.

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of mutual combat.

SIXTH AFFIRMATIVE DEFENSE

The Decedent was careless and negligent in connection with the matters Plaintiffs allege, and such carelessness and negligence proximately caused and contributed to the alleged loss and/or damage. Therefore, any damages awarded should be reduced in proportion to fault.

SEVENTH AFFIRMATIVE DEFENSE

The acts or omissions of others, negligent or otherwise, proximately caused or contributed to the loss or damage, if any, Plaintiffs sustained or may sustain. Therefore, any liability should be reduced in proportion to the fault of others, including without limitation any non-economic losses or injuries others caused.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of a failure to mitigate alleged damages.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they failed timely or properly to exhaust administrative remedies and/or failed to satisfy a condition precedent to a court action.

TENTH AFFIRMATIVE DEFENSE

The Decedent assumed the risk of loss or damage of the nature Plaintiffs claim to have sustained.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based on waiver.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based on estoppel.

THIRTEENTH AFFIRMATIVE DEFENSE

Defendants' actions were based on a good faith exercise of responsibility conferred on them.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based on managerial immunity.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based on privilege.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and with reasonable and probable good cause and with the honest and reasonable belief such actions were reasonable and necessary.

SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants conducted themselves with due care in the execution or enforcement of laws.

EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith with probable cause and with the honest and reasonable belief that their actions were reasonable and necessary and did not know that any such actions would violate Plaintiffs' constitutional rights.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based on unclean hands.

TWENTIETH AFFIRMATIVE DEFENSE

At all relevant times, Defendants acted reasonably in connection with the matters alleged.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants neither knew nor had reason to know their alleged acts or omissions would violate any clearly established rights or laws.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they had/have adequate state remedies.

TWENTY-THIRD AFFIRMATIVE DEFENSE

The Decedent and Plaintiffs were given, or had available to them, proper due process for each of the alleged deprivations of their constitutional rights.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based on immunities in the Government Code, including without limitation Government Code Sections 815, 815.2(b), 820.2, 820.4, 820.8, and 845.8(b)(3) and Penal Code Sections 835, 835a, 836, 836.5, and 847(b).

Wherefore, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by their Second Amended Complaint and that their Second Amended Complaint be dismissed with prejudice;

2. For attorneys' fees incurred, as allowed by law;

3. For costs incurred; and

4. For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: May 27, 2022

HERUM CRABTREE SUNTAG
*A California Professional Corporation*

By: *___/s/ Dana A. Suntag____________*
DANA A. SUNTAG
JOSHUA J. STEVENS
Attorneys for All Defendants