UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KAREN SUTHERLAND, as mother of
decedent; ERICA RAE BELATTI,
Guardian Ad Litem for S.A.S.,
JR., son of decedent, and as a
successor in interest to the
deceased; and D.J.S., daughter
of decedent, and as a successor
in interest to the deceased,

                    Plaintiffs,

          v.

CITY OF STOCKTON; OFFICER RONALD
ZALUNARDO, in his individual
capacity; OFFICER JOHN
AFANASIEV, in his individual
capacity; CHIEF ERIC JONES, in
his individual capacity; and
DOES 1-5, inclusive,

                    Defendants.

No. 2:21-cv-01855 WBS AC


ORDER RE: PETITION FOR
MINORS' COMPROMISE

----oo0oo----

          Plaintiffs Karen Sutherland, the mother of the deceased

Shayne Sutherland, S.A.S. Jr., son of deceased, and D.J.S.,

daughter of deceased, brought this wrongful death action

1

1  asserting various constitutional violations under 42 U.S.C. §

2  1983.  The minor plaintiffs further asserted state law claims for

3  wrongful death, assault and battery, negligence, and violations

4  of the Tom Bane Act, Cal. Civ. Code § 52.1.  (Second Am. Compl.

5  ("SAC") (Docket No. 21).)  Erica Rae Belatti was appointed

6  guardian ad litem for the minor plaintiffs by the court on March

7  1, 2022.  (Docket No. 15.)  Minor plaintiffs S.A.S. Jr. and

8  D.J.S. now bring this petition for minors' compromise in relation

9  to a settlement agreement resolving all claims against all

10  defendants.  (Docket No. 64.)  Defendants have filed a non-

11  opposition.  (Docket No. 69.)

12       District courts evaluating minors' compromises must

13  "limit the scope of their review to the question whether the net

14  amount distributed to [a] minor plaintiff in the settlement is

15  fair and reasonable, in light of the facts of the case, the

16  minor's specific claim, and recovery in similar cases," "without

17  regard to the proportion of the total settlement value designated

18  for adult co-plaintiffs or plaintiffs' counsel."  Robidoux v.

19  Rosengren, 638 F.3d 1177, 1181-82 (9th Cir. 2011).

20       The gross settlement amount is $6,000,000, with

21  **$1,167,150.89** to be distributed to each of the three plaintiffs,

22  and $2,498,547.33 to be distributed to counsel for attorneys'

23  fees and costs based on a preexisting fee agreement.  (Docket No.

24  64 at 15-17.)

25       The court is familiar with the allegations made by

26  plaintiffs regarding the officers' use of excessive force

27  resulting in Mr. Sutherland's death.  The court finds the

28  $1,167,150.89 amount to be distributed to each minor child fair

and reasonable based on the allegations made and a review of
other wrongful death actions.  Accordingly, the court will grant
plaintiffs' petition.

IT IS THEREFORE ORDERED that the settlement of the
minor plaintiffs' claims against all defendants as comprised
pursuant to the terms of the settlement reached by the parties,
and as further described in plaintiffs' petition for approval of
minors' compromise (Docket No. 64), is approved.

IT IS FURTHER ORDERED that annuities for minor
plaintiffs S.A.S. Jr. and D.J.S. shall be purchased as outlined
in Exhibits A and B, respectively, in the Supplemental
Declaration of V. James DeSimone, Esq. (Docket No. 68).[1]

Dated:  May 23, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1]   The hearing on this motion, currently scheduled on May
28, 2024, is hereby VACATED.

3